SUMMARY ORDER

Petitioner Xu Wang, a native and citizen of the People’s Republic of China, seeks review of a September 22, 2008 order of the BIA affirming the May 24, 2007 decision of Immigration Judge (“IJ”) Paul A. DeFonzo, denying his applications for asylum and withholding of removal. In re Xu Wang, No. A98 438 787 (B.I.A. Sept. 22, 2008), aff'g No. A98 438 787 (Immig. Ct. N.Y. City May 24, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
For asylum applications governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii); see Matter of J-Y-C-, 24 I. & N. Dec. 260, 265 (BIA 2007).
Substantial evidence supports the IJ’s adverse credibility determination. Specifically, the IJ based that determination on discrepancies between Wang’s testimony before IJ Zsa Zsa De Paolo in May 2005 and IJ Paul A. DeFonzo in May 2007. In May 2005, Wang testified that he went into hiding in May 2003 and had been in hiding for two years. In May 2007, however, he testified that he went into hiding in May 2004 and had only been in hiding for a year. The IJ did not err in rejecting Wang’s explanation that he was nervous and unrepresented by counsel at the prior hearing. See, e.g., Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005). As the IJ observed, despite not having counsel present, Wang was under oath during his May 2005 hearing and there was a Mandarin interpreter present. Thus, based on the totality of the circumstances, the IJ properly found that Wang was not credible where Wang’s varying accounts of his alleged period in hiding understandably led the IJ to question the entirety of his claim. See 8 U.S.C. § 1158(b)(1)(B)(iii); Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008).
Because the only evidence of a threat to Wang’s life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum and withholding of removal. See Paul v. Gonzales, *60 444 F.3d 148, 156 (2d Cir.2006); Wu Biao Chen v. INS, 344 F.3d 272, 275 (2d Cir.2003).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).